IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DEE DEE ATTA, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | |
| vs. | : | 1:18-CV-1558-CC |
| | : | |
| CISCO SYSTEMS, INC., | : | |
| | : | |
| Defendant. | : | |

## OPINION AND ORDER

Plaintiff Dee Dee Atta ("Plaintiff") commenced this employment discrimination action under the Americans with Disabilities Act (the "ADA"), the Equal Pay Act (the "EPA"), and Title VII of the Civil Rights Act ("Title VII"). The case is presently before the Court on the Final Report and Recommendation (the "R&R") [Doc. No. 126] issued by Magistrate Judge John K. Larkins III on August 3, 2020. Magistrate Judge Larkins recommends that Plaintiff's Motion for Spoliation Sanctions [Doc. No. 89] be granted in part and denied in part and that Defendant Cisco Systems, Inc.'s Motion for Summary Judgment [Doc. No. 85] be granted in part and denied in part.

With respect to the Motion for Spoliation Sanctions, Magistrate Judge Larkins recommends that the Court grant Plaintiff's request for spoliation sanctions but deny her specific request that Defendant's answer be stricken or that

adverse inferences be imposed.  Magistrate Judge Larkins instead recommends that the Court impose the following sanctions for Defendant's failure to preserve organizational design documents and budget and guidelines for the Service Provider Marketing Group ("SPM Group") during the August 2016 limited restructuring of Defendant's Marketing Department (the "Restructuring"):

(1) Doug Webster's and Robert Barlow's testimony concerning the elimination of Plaintiff's position as part of the 2016 Restructuring not be considered in support of Defendant's arguments for summary judgment; and

(2) The parties be allowed to present evidence and argument at trial regarding Defendant's failure to preserve the documents, and the jury be instructed that it may consider that evidence along with all of the other evidence in the case in making its decision.

Magistrate Judge Larkins recommends that Defendant's Motion for Summary Judgment be denied as to Plaintiff's ADA retaliation claim but granted as to Plaintiff's remaining claims.

On August 17, 2020, Defendant timely filed an objection to the R&R.  (Doc. No. 129.)   Defendant maintains that Magistrate Judge Larkins erred in recommending that the Court grant, in part, Plaintiff's Motion for Spoliation Sanctions.  Defendant further maintains that Magistrate Judge Larkins erred in

recommending that Defendant's summary judgment motion be denied as to Plaintiff's ADA retaliation claim. Plaintiff has responded to Defendant's objection, urging that the Court should adopt the R&R and schedule the case for trial. (Doc. No. 134.)

After reviewing a magistrate judge's findings and recommendations submitted pursuant to 28 U.S.C. § 636(b)(1)(B), a district judge may accept, reject, or modify the findings or recommendations. 28 U.S.C. § 636(b)(1). A party challenging a report and recommendation must "file . . . written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." Macort v. Prem, Inc., 208 F. App'x 781, 783 (11th Cir. 2006) (citation and internal quotation marks omitted); see also Fed. R. Civ. P. 72(b)(2). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (citation omitted). The district judge must "give fresh consideration to those issues to which specific objection has been made by a party." Id. "Frivolous, conclusive, or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted). Those portions of a report and

recommendation to which an objection has not been made are reviewed for plain error.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

Having conducted a de novo review of those portions of the R&R to which Defendant specifically objects, the Court finds that Defendant's objections are without merit.  As to Plaintiff's Motion for Spoliation Sanctions, Magistrate Judge Larkins correctly determined that Defendant had an obligation but failed to take reasonable steps to preserve organizational design documents and budget and guidelines for the SPM Group, which were directly relevant to the 2016 Restructuring that resulted in the termination of Plaintiff's employment.  The evidence of record indicates that these documents existed at the time Defendant should have anticipated litigation and at least one page of the documents existed the day prior to Doug Webster's deposition, according to Webster's uncontradicted testimony.[1]  Magistrate Judge Larkins soundly concluded that Plaintiff has been prejudiced in her ability to fully address the assertions of Doug Webster and Robert Barlow that Plaintiff's position was in fact eliminated as part of the Restructuring and that she was not terminated solely as a result of Barlow's assessment of her.  Significantly, Federal Rule of Civil Procedure 37(e)(1), pursuant to which Magistrate Judge Larkins recommends that limited sanctions be imposed, only requires a showing of prejudice to the moving party, not bad faith

---

[1] Defense counsel's unverified contentions to the contrary are not evidence.

4

by the spoliator.  See Storey v. Effingham Cty., No. CV415-149, 2017 WL 2623775, at *4-5 (S.D. Ga. June 16, 2017) (holding that limited sanctions were appropriate, pursuant to Rule 37(e)(1), to redress prejudice resulting from defendants' careless failure to preserve video evidence); see also Bistrian v. Levi, 448 F.Supp.3d 454, 477 n.90 (E.D. Pa. 2020) (rejecting suggestions that Rule 37(e)(1) requires showing of bad faith to establish prejudice).  Carelessness or negligence by the spoliator is sufficient, when coupled with prejudice, to warrant the imposition of sanctions. See Storey, 2017 WL 2623775, at *4-5.  Finally, the sanctions recommended by Magistrate Judge Larkins are no greater than necessary to cure the prejudice.  As such, the Court agrees with the recommended disposition of Plaintiff's Motion for Spoliation Sanctions.

Next, the Court's review of the parties' summary judgment filings and evidence informs that Defendant is not entitled to summary judgment on Plaintiff's ADA retaliation claim.  Defendant maintains that Plaintiff cannot make out a prima facie case of retaliation under the ADA because she cannot establish a causal connection between Plaintiff's protected activity and her termination.  The Court disagrees.  While Defendant argued before the Magistrate Judge and continues to argue that temporal proximity should be measured from the time that Plaintiff began requesting a reduction in her workload in the second half of 2015 or, at the latest, when Plaintiff formally requested an accommodation in April

2016, Magistrate Judge Larkins correctly reasoned that "the more appropriate date to locate the beginning of the temporal period is sometime between May 31, 2016, when Plaintiff met with Richardson and Barlow to negotiate the proposed accommodations, and June 29, 2016, when Plaintiff finalized the documentation for approval of her request."  (R&R at 72.)  Using the later date, which is when Plaintiff would have provided all of the necessary information and when Defendant would have been in a position to approve Plaintiff's request, the time between Plaintiff's protected activity and her termination was seven weeks, which typically is close enough to establish a causal connection.  Singleton v. Pub. Health Tr. of Miami-Dade Cty., 725 F. App'x 736, 738 (11th Cir. 2018) (citations omitted).  Magistrate Judge Larkins additionally cited authority holding that complaints about the inadequacy of accommodations also qualify as protected expression and noted that Plaintiff complained about her accommodations as late as August 8, 2016, which was approximately a week before her termination.  Whether the Court relies on this date or the date that Plaintiff finalized her documentation, the close temporal proximity between Defendant's awareness of each protected activity and Plaintiff's termination is sufficient to create a factual issue with respect to causation.

The Court also finds no error with respect to Magistrate Judge Larkins's analysis of the additional evidence supporting a finding of causation and the

evidence creating an issue of fact as to whether Plaintiff's inclusion in the 2016 Restructuring was pretextual.  The Court has given all of this evidence fresh consideration and agrees that the evidence warrants denial of summary judgment as to the ADA retaliation claim.  The Court appreciates that Defendant has a different view of this evidence, but "[t]he evidence of the non-movant is to be believed [at the summary judgment stage], and all justifiable inferences are to be drawn in [the non-movant's] favor." <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986).  The Court cannot, as Defendant suggests, simply reject Plaintiff's testimony.  The ADA retaliation claim must proceed to trial, and the parties will have an opportunity to present their evidence and make arguments before a jury.

Accordingly, the Court **OVERRULES** Defendant's objection and **ADOPTS** the R&R as the decision of this Court.  As set forth herein and in the R&R, the Court **GRANTS in part and DENIES in part** Plaintiff's Motion for Spoliation Sanctions [Doc. No. 89] and **GRANTS in part and DENIES in part** Defendant Cisco Systems, Inc.'s Motion for Summary Judgment [Doc. No. 85].  The summary judgment motion is **DENIED** as to Plaintiff's ADA retaliation claim but is **GRANTED** as to her remaining claims.  As for Plaintiff's Motion for Spoliation Sanctions, Plaintiff's request that Defendant's answer be stricken or that adverse inferences be imposed is **DENIED**.  However, the Court has given only limited

consideration to the testimony of Webster and Barlow concerning the elimination of Plaintiff's position as part of the 2016 Restructuring, and the parties will be allowed to present evidence and argument at trial regarding Defendant's failure to preserve the organizational design documents and budget and guidelines for the SPM Group during the 2016 Restructuring, and the jury will  be instructed it may consider that evidence along with all of the other evidence in the case in making its decision.

SO ORDERED this 30th day of November, 2020.


s/  CLARENCE COOPER
CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE